OPINION
{¶ 1} Appellant, Willard Stephen McCarley, appeals from the December 4, 2002 judgment entry in which the Portage County Court of Common Pleas, Juvenile Division, ordered him to pay child support in the amount of $912.17 to appellee, Kim Marie Bailey, n.k.a. Kim Marie Pennington.
 {¶ 2} Appellant and appellee engaged in a nonmarital relationship that resulted in the birth of a son, Stephen C. McCarley, on January 5, 1985. An order establishing paternity was filed without opposition on August 12, 1988. As part of that finding of paternity, appellant was ordered to pay child support and was granted regular visitation.
 {¶ 3} On July 3, 2002, appellee filed a motion to modify child support against appellant due to an increase in appellant's income. The last increase took place in 1994, when the trial court set the amount of support at $580.14 per month.
 {¶ 4} A hearing was held before a magistrate on September 13, 2002, where it was revealed that appellant is employed with Ford Motor Company ("Ford") in the field of robotics. Four exhibits were admitted into evidence over appellant's objections which showed that Ford provided its employees bonuses based upon suggestions the employees submit which result in cost savings to Ford. These bonuses are received through "points" that range anywhere from 50 to 7,500 points for each cost-saving suggestion. The points are redeemable for merchandise, products, airline travel, or gift certificates to participating retailers and restaurants. If the points are not redeemed by the end of the year, they are lost.
 {¶ 5} In a decision dated September 19, 2002, the magistrate determined that the bonus points earned by appellant constituted gross income for child support calculation purposes. Based on that determination, the magistrate recalculated the amount of child support and recommended that it be increased to $912.17 per month effective August 1, 2002. Appellant filed objections to the magistrate's decision on September 30, 2002. A hearing on the objections was held on November 26, 2002. In an entry dated December 4, 2002, the trial court overruled appellant's objections and concluded that pursuant to R.C. 3119.01(C)(7), the bonus points were considered gross income for child support calculations. Appellant timely filed the instant appeal and now posits a single assignment of error:
 {¶ 6} "The trial court abused its discretion when it included bonus points awarded for suggestions appellant made to his employer in calculating gross income for child support calculations."
 {¶ 7} Under his lone assignment of error, appellant alleges that the trial court erred in including bonus points, which were awarded by appellant's employer, in calculating gross income to determine the amount of appellant's child support payment.
 {¶ 8} Pursuant to R.C. 3119.01(C)(7), gross income is "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses to the extent described in division (D) of section 3119.05 of the Revised Code; commissions; royalties; tips; rents; dividends; * * *." R.C. 3119.05(D) states: "[w]hen the court or agency calculates the gross income of a parent, it shall include the lesser of the following as income from overtime and bonuses: (1) [t]he yearly average of all overtime, commissions, and bonuses received during the three years immediately prior to the time when the person's child support obligation is being computed; (2) [t]he total overtime, commissions, and bonuses received during the year immediately prior to the time when the person's child support obligation is being computed." (Emphasis added.)
 {¶ 9} In the instant matter, the evidence revealed that appellant earned approximately $52,000 per year excluding bonuses and overtime pay. Appellant's earnings which included bonuses and overtime pay were as follows: in 1999, $91,036.23; in 2000, $107,828.45; in 2001, $105,100.08; and as of September 2002, $82,199. The points appellant earned were: 7,725 points in 1999; 24,375 points in 2000; 7,750 points in 2001; and 47,188 point as of September 2002. Hence, it is our view that the trial court did not err in concluding that the bonus points were gross income since the Internal Revenue Service also treats them as income for tax purposes. Appellant did not present any evidence to demonstrate that the bonus points were not used as income.
 {¶ 10} Furthermore, appellant was able to use the bonus points to purchase merchandise from various retailers that he would have otherwise had to use cash to buy. Thus, these points were another form of cash. Additionally, the points were included on appellant's W-2's and were treated as taxable income. Accordingly, we conclude that the trial court did not abuse its discretion in determining that the child support calculation was based on the correct figure.
 {¶ 11} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Portage County Court of Common Pleas, Juvenile Division, is affirmed.
Christley and Grendell, JJ., concur.